IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WILLIAM CALTRIDER, JR. | * |
| Plaintiff, | * |
| v. | *   Civil No.: BPG-22-1487 |
| | * |
| AUTONATION, INC., et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Currently pending before the court are the following: (1) plaintiff's Motion to Dismiss Without Prejudice Defendant AutoNation, Inc. (ECF No. 37); (2) plaintiff's Motion to Remove (from Federal Court) and Remand (to State Court) (ECF No. 38) and related pleadings (ECF Nos. 42, 44);[1] (3) defendant Cintas Corporation No. 2's Motion for Leave to File Surreply in Opposition to Plaintiff's Motion to Remove and Remand (ECF No. 45); (4) plaintiff's Motion to Strike Defendants' "Sur-Reply" (ECF No. 46); and (5) defendants' Joint Motion to Dismiss (ECF No. 34) and related pleadings (ECF Nos. 41, 43).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.

For the reasons discussed herein: (1) plaintiff's Motion to Dismiss Defendant AutoNation, Inc. (ECF No. 37) is granted, (2) plaintiff's Motion to Remove (from Federal Court) and Remand (to State Court) (ECF No. 38) is denied, (3) defendant's Motion to File Surreply (ECF No. 45) is

---

[1] On April 7, 2023, the court ordered defendants AutoNation, Inc. and Valley Chevrolet, LLC to file a supplement clarifying their position with regard to plaintiff's Motion.  (ECF No. 51).  On April 19, 2023, AutoNation, Inc. and Valley Chevrolet, LLC filed their Statement of Defendant AutoNation, Inc. and Valley Chevrolet, LLC, Responding to the Court's Letter Order Dated April 7, 2023, on Diversity of Citizenship ("AutoNation and Valley Chevrolet's Response") (ECF No. 52).

denied, (4) plaintiff's Motion to Strike (ECF No. 46) is denied as moot, and (5) defendants' Joint Motion to Dismiss (ECF No 34) is granted.

## I.    **BACKGROUND**

On March 24, 2017, William Caltrider, Jr. ("plaintiff") entered a car dealership owned by defendant Valley Chevrolet, LLC ("Valley Chevrolet"). (ECF No. 12 at ℙ 6). Plaintiff alleges the following in his Complaint. Plaintiff spoke to a salesperson employed by defendants, Troy Smith, Jr., and arranged to test drive a 2004 Mitsubishi Outlander. (Id.) Following the test drive, Mr. Smith provided plaintiff with information and a price quote for the vehicle. (Id.) As plaintiff was leaving the dealership, he tripped over what he alleges were uneven rugs and fell to the floor, hitting his face. (Id. at ℙℙ 7-8). Plaintiff observed no signs or notices indicating the presence of hazards on the floor. (Id. at ℙ 7). The fall resulted in serious bodily injury to plaintiff's face, shoulder, and left knee. (Id. at ℙ 8).

On March 20, 2020, plaintiff filed suit in the Circuit Court for Baltimore County, asserting one count of negligence against each defendant, AutoNation, Valley Chevrolet, and Cintas Corporation No. 2 ("Cintas"). On June 17, 2022, defendants removed the action to this court (ECF No. 1) and, on September 30, 2022, filed their Motion to Dismiss for lack of jurisdiction pursuant to Maryland Rule 2-507(b). (ECF No. 34). In response, plaintiff filed his Motion to Dismiss Defendant AutoNation, Inc. (ECF No. 37) and Motion to Remand (ECF No. 38).

## II.    **DISCUSSION**

The court must first determine whether defendant AutoNation should be dismissed, and if AutoNation is dismissed, whether doing so would destroy diversity of citizenship jurisdiction in the case, as plaintiff suggests. As discussed below, the court concludes that diversity jurisdiction exists, and, therefore, turns to consideration of defendants' Joint Motion to Dismiss.

**A. Plaintiff's Motion to Dismiss defendant AutoNation**

Plaintiff moves to dismiss defendant AutoNation pursuant to Federal Rule of Civil Procedure 41.  (ECF No. 37).  Although defendants did not file a response to plaintiff's Motion, defendants note in their Joint Motion that AutoNation should be dismissed because plaintiff's only allegation against AutoNation is that Valley Chevrolet is a subsidiary of AutoNation.  (ECF No. 34-1 at 12).  It is well settled that a parent company is not liable for the acts of its subsidiary. United States v. Bestfoods, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.").  Accordingly, AutoNation is not a proper defendant and the court grants plaintiff's Motion to Dismiss defendant AutoNation (ECF No. 37).

**B. Plaintiff's Motion to Remand to State Court**

Plaintiff moves to remand this case to the Circuit Court for Baltimore County, stating that dismissal of defendant AutoNation precludes the court's exercise of diversity jurisdiction.  (ECF No. 38 ¶ 1-2).  Defendants[2] respond that diversity jurisdiction exists even if the court dismisses defendant AutoNation, because the remaining defendants, Cintas and Valley Chevrolet, are not citizens of Maryland.  (ECF No. 42-1 at 2).  Where a case originates in state court and is removed, as here, "[c]omplete diversity of citizenship must be established at the time of removal."  Cox-Stewart v. Best Buy Stores, L.P., 295 F. Supp. 2d 566, 567 (D. Md. 2003) (citing Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1164 (4th Cir. 1998)).  In order to exercise jurisdiction over the case, "diversity of citizenship must be 'complete,' meaning that 'no plaintiff may be a citizen of the same state as any defendant.'"  James G. Davis Cons. Corp. v. Erie Ins. Exchange,

---

[2] The court notes that although defendants AutoNation and Valley Chevrolet did not join in the filing of defendant Cintas' Response to plaintiff's Motion to Remand, AutoNation and Valley Chevrolet's Response indicates that they join the position set forth in defendant Cintas' Response.  (ECF No. 52 ¶ 12).

953 F. Supp. 2d 607, 610 (D. Md. 2013) (quoting Ware v. Jolly Roger Rides, Inc., 857 F. Supp. 462, 463 (D. Md. 1994).

Plaintiff argues that Valley Chevrolet is a citizen of Maryland because one of its principal places of business is in Timonium, Maryland, where the alleged incident occurred.  (ECF No. 44 ⁋ 2).  Defendants respond that Valley Chevrolet is not a citizen of Maryland, and that Valley Chevrolet's citizenship is not determined by reference to its principal place of business.  (ECF No. 42-1 at 2).  The court agrees with defendants.  For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled.  See e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998).  A corporation, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). And, "[t]he citizenship of a limited liability company . . . is determined by the citizenship of all of its members."  Capps v. Newmark Southern Region, LLC, 53 F.4th 299, 302 (4th Cir. 2022) (quoting Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).  Where the ownership of a limited liability company is layered, the court must "necessarily trace [the limited liability company's] citizenship through these layered entities."  Id.

Here, the relevant considerations are the citizenship of (1) plaintiff, an individual, (2) Cintas, a corporation, and (3) Valley Chevrolet, a limited liability company.[3]  Plaintiff is domiciled in Maryland, and, therefore, is a citizen of Maryland.  (ECF No. 1 at ⁋ 9).  Cintas is incorporated in Nevada and has its principal place of business in Ohio, and, therefore, is a citizen of both Nevada and Ohio.  (Id. at ⁋ 11).  Valley Chevrolet is a limited liability company, the

---

[3] The court notes that even if defendant AutoNation had not been dismissed, complete diversity would still be present in this case.  There is no dispute that AutoNation, a corporation, is incorporated in Delaware, and maintains its principal place of business in Florida, and, therefore, is a citizen of Delaware and Florida, not Maryland.  (ECF Nos. 1 at ⁋ 12, 38 at ⁋ 3, 52 at ⁋ 3).

membership of which is multi-layered and requires further examination.  (ECF No. 53).  The sole

member of Valley Chevrolet is another limited liability company, Fox Chevrolet, LLC.  (ECF No.

52 at ⁋ 7).  The sole member of Fox Chevrolet, LLC is AN Dealership Holding Corp., which is

incorporated in and maintains its principal place of business in Florida.  (Id. at ⁋ 8).  Valley

Chevrolet assumes the citizenship of its last traceable member, and therefore, is a citizen of Florida.

See Capps, 53 F.4th at 302 (defendant was a citizen of North Carolina for purposes of diversity

jurisdiction "given the North Carolina citizenship of at least one limited partner of Newmark

Holdings, L.P.—a great-grandparent entity to [defendant].").  Because no plaintiff has the same

citizenship as any defendant, complete diversity exists and the court may exercise diversity

jurisdiction over this case.  Accordingly, plaintiff's Motion to Remand (ECF No. 38) is denied.

Defendant moves for leave to file a surreply in opposition to plaintiff's Motion to Remand.

(ECF No. 45).  Unless otherwise ordered by the court, the filing of a surreply is not permitted.

Local Rule 105.2(a).  "Surreplies may be permitted when the moving party would be unable to

contest matters presented to the court for the first time in the opposing party's reply."  Khoury v.

Meserve, 268 F.Supp.2d 600, 605 (D. Md. 2003) (citation omitted).  Because plaintiff's Reply is

merely responsive to an issue raised in defendant's Response, and there was a full opportunity for

defendant to present its arguments, a surreply is unnecessary.  Accordingly, defendant's Motion

to File Surreply (ECF No. 45) is denied and plaintiff's Motion to Strike (ECF No. 46) is denied as

moot.

### C. Defendants' Joint Motion to Dismiss

Defendants move to dismiss plaintiff's Complaint for lack of jurisdiction pursuant to

Maryland Rule 2-507.  (ECF No. 34).  Specifically, defendants contend that plaintiff failed to

timely serve defendants without good cause, resulting in prejudice to defendants due to delay.

(ECF No. 34-1 at 1-2).  Plaintiff responds that the law of the case doctrine prevents defendants from raising this issue because the Circuit Court for Baltimore County granted a deferral of dismissal of the case.  (ECF No. 41 at 2-3).

On March 20, 2020, plaintiff filed suit in the Circuit Court for Baltimore County, (ECF No. 12), just four days before the expiration of the three-year statute of limitations.  See Maryland Code, Cts. & Jud. Proc. § 5-101 (three-year statute of limitations for civil actions).  On March 23, 2020, the Clerk of the Circuit Court issued summonses for all three named defendants, but plaintiff failed to serve the summonses on defendants within the requisite 60 days.[4]  (ECF No. 22-1 at 2). More than a year and a half later, on December 28, 2021, plaintiff filed his first request for reissuance of the summonses for each of the three defendants, which the Clerk issued on December 29, 2021.  (ECF No. 22-4).  Plaintiff, again, failed to serve defendants.

On February 18, 2022, almost two years after the filing of the Complaint, the Circuit Court issued a Notice of Contemplated Dismissal, advising plaintiff that unless a motion showing good cause was filed within thirty days, the case would be dismissed pursuant to Maryland Rule 2-507(b) for failure to serve defendants within 120 days of the filing of the Complaint and the issuance of the original summons.  (ECF No. 16)  On March 2, 2022, plaintiff filed a Motion to Defer the Entry of an Order of Dismissal and a separate letter requesting that the Clerk reissue the summonses for defendants for the second time.  (ECF Nod. 22-9, 22-10).  New summonses were issued the following day.  (ECF Nos. 22-11, 22-12, 22-13).  On March 25, 2022, the Circuit Court granted plaintiff's motion to defer dismissal and ordered plaintiff to serve defendants by no later than June 1, 2022.  (ECF No. 15)  On May 2, 2022, plaintiff filed a third request for reissuance of the summonses, which were issued the following day.  (ECF Nos. 22-15, 22-16, 22-18, 22-19).

---

[4] Under Maryland Rule 2-113, "[a] summons is effective for service only if served within 60 days after the date it is issued.  A summons not served within that time shall be dormant, renewable only on written request of the plaintiff."

Plaintiff's counsel served defendants (1) AutoNation by certified mail on May 18, 2022, (2) Valley Chevrolet by hand-delivery on May 19, 2022, and (3) Cintas by hand-delivery on May 19, 2022. (ECF Nos. 22-33, 22-34).

State law governs the sufficiency and service of process prior to removal to federal court. Eccles v. Nat'l Semiconductor Corp., 10 F. Supp. 2d 514, 519 (D. Md. 1998).  Pursuant to Maryland Rule 2-507, "[a]n action against any defendant who has not been served . . . is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant."  The decision to grant the motion to dismiss is committed to the sound discretion of the trial court.  Sharp v. American Honda Motor Co., Inc., No. JFM-09-2622, 2009 WL 4061761, at *1 (D. Md. Nov. 19, 2009) (citing Powell v. Gutierrez, 529 A.2d 352, 355 (Md. 1987)).  Dismissal may be deferred upon a showing of good cause.  Reed v. Cagan, 739 A.2d 932, 935-36 (Md. Ct. Spec. App. 1999).  "A litigant meets Rule 2-507(e)'s good cause standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified."  Id.  "The primary focus of the inquiry should be on diligence and whether there has been a sufficient amount of it."  Id.  In addition to whether plaintiff can demonstrate good cause, "the trial court should consider whether the [ ] delay has substantially prejudiced the [party seeking dismissal]."  Id.

Plaintiff argues that the law of the case doctrine applies, such that the court should show "deference to the Maryland court's order(s)" deferring dismissal of the state action and decline to consider defendants' argument.  (ECF No. 41 ⁋⁋ 23-24).  Plaintiff's argument misses the mark. This case does not implicate the law of the case doctrine, which is a rule of appellate procedure pursuant to which the ruling of an appellate court is binding on courts and litigants in further proceedings in the same case.  See e.g., Schisler v. State, 938 A.2d 57, 64 (Md. Ct. Spec. App.

2007) (The law of the case doctrine provides that, "a ruling of an appellate court upon a question becomes the 'law of the case' and is binding on the courts and litigants in further proceedings in the same case.") (internal citation omitted).  Although the court acknowledges that the Circuit Court granted plaintiff's Motion to Defer the Entry of an Order of Dismissal  (ECF No. 15), this court is not obligated to defer to the decision of the state court.  See Sharp, 2009 WL 4061761, at *2 (dismissing case for lack of subject matter jurisdiction after failure to timely serve defendant despite state court's earlier deferral of dismissal); see also Ralkey v. Minnesota Min. & Mfg. Co., 492 A.2d 1358, 1361 (Md. 1985) ("There is no decision or statute which requires one [trial] judge to accept as final and conclusive the decisions on the law before trial of another judge or court."). Moreover, the court notes that the Circuit Court deferred dismissal of plaintiff's case without the benefit of any response from defendants and, it would appear to the court, without consideration of the Reed factors.  Therefore, the order issued by the Circuit Court is not dispositive of the issue before this court.  Accordingly, the court will consider whether plaintiff has demonstrated (1) good cause for the delay in serving defendants and (2) whether defendants have been substantially prejudiced by plaintiff's delay.[5]  Reed, 739 A.2d at 935-36.

As to whether there is good cause for the delay in service of defendants, plaintiff's Response offers no justification for that delay.  (ECF No. 41).  In plaintiff's Motion to Defer the Entry of an Order of Dismissal filed in the Circuit Court, however, plaintiff argued that because he had retained counsel only a week prior to the expiration of the statute of limitations, counsel required additional time to obtain relevant medical documentation.  (ECF No. 22-9 at 1).  This

---

[5] Plaintiff argues, without citing any caselaw, that defendants waived the opportunity to raise Maryland Rule 2-507 by failing to seek dismissal prior to removal of the case from the state court. (ECF No. 41 ¶¶ 9, 14).  A Motion to Dismiss pursuant to Maryland Rule 2-507 may be properly filed in federal court.  See e.g., Sharp, 2009 WL 4061761, at *2.  Removal of an action from state court does not constitute a waiver of defendants' ability to file a Motion to Dismiss, and plaintiff cites nothing to support this contention.  To the contrary, as defendants note, filing a Motion to Dismiss in state court may have precluded later removal of the case.  (ECF No. 43 at 2).

court has held that good cause does not exist where the delay is motivated by a need to properly assess the nature of plaintiff's injuries and the impact of those injuries. Carden v. Evenflo Co., Inc., No. JFM-03-2129, 2003 WL 22056644, at *1 (D. Md. Aug. 28, 2003) (dismissing case for failure to timely effect service on the basis that where plaintiffs required additional time to assess the merits of their case, the more appropriate course of conduct would have been to serve defendants and allow an opportunity to respond, after which "plaintiffs could have moved to stay proceedings").  Indeed, no good cause exists where the proposed justification for the delay in service would not actually require delaying service of process, and plaintiff offers no connection between the efforts to prepare for trial and the delay. See Rusnakova v. World Kitchen, LLC, No. RDB-12-3650, 2013 WL1932940, at *3 (D. Md. May 8, 2013) (dismissing case upon grounds that good cause for delay in executing service on defendant was not shown where plaintiff argued she needed to secure an expert witness and consider further medical procedures).  Plaintiff here has failed to establish any legitimate reason for delay, let alone good cause.[6]

Further, plaintiff's delay in service was substantial.  Plaintiff filed his Complaint on March 20, 2020.  (ECF No. 12).  The original summonses were issued on March 23, 2020, but were never served.  The second set of summonses were issued on December 29, 2021, but were never served. Almost two years later, on February 18, 2022, the Circuit Court issued a Notice of Contemplated Dismissal.  (ECF No. 16).  As part of plaintiff's Motion to Defer the Entry of an Order of Dismissal, a third set of summonses was requested and issued on March 3, 2022.  (ECF Nos. 22-9, 22-10).  When the Circuit Court entered its order deferring dismissal of the case until June 1, 2022, the third set of summonses were still effective.  Despite this, plaintiff failed to serve defendants before the summonses expired and requested a fourth set of summonses on May 2,

---

[6] The court notes as persuasive defendants' argument that plaintiff apparently had sufficient relevant medical evidence at the time of the filing of the Complaint to demand $500,000 in damages.  (ECF No. 34-1 at 7).

2022. (ECF No. 22-15). When plaintiff did eventually serve defendants, it apparently did not require much effort. Defendant AutoNation was served by certified mail, and both defendants Valley Chevrolet and Cintas were served by hand delivery to defendants' Baltimore office of Corporation Service Company, which defendants note is "less than a mile from the office of Plaintiff's counsel." (ECF No. 34-1 at 4). Indeed, there is no allegation that defendants attempted to avoid service or that defendants' identity or their locations were unknown to plaintiff. Accordingly, there is no good cause justification for plaintiff's more than two-year delay in serving defendants. See Jefferson v. Nat'l R.R. Passenger Corp., No. DKC-15-2275, 2015 WL 6437364, at *2 (D. Md. Oct. 21, 2015) (dismissing case upon grounds that no good cause existed when plaintiff waited several months to request reissuance, and then did not serve defendant until a month later).

As to whether defendants have been substantially prejudiced as a result of plaintiff's delay in service, defendants may either establish prejudice or the court may infer prejudice from the unreasonable delay in service. Defendants demonstrate substantial prejudice as a result of plaintiff's delay in effecting service. Plaintiff did not file his Complaint until four days before the expiration of the statute of limitations. (ECF No. 12). Plaintiff then waited more than two years to serve defendants. (ECF No. 34-1 at 4). Defendants, therefore, received no notice of the accident alleged in this case until more than 5 years after it is alleged to have occurred. Defendants contend that the substantial delay in this case hinders their ability to identify potential witnesses who no longer work for defendants, including Mr. Smith, the employee with whom plaintiff allegedly interacted on the day of the fall. (Id. at 9, ECF No. 34-2 at ¶¶ 3-4). Moreover, the extensive delay in plaintiff's service of defendants permits a reasonable inference that substantial prejudice exists because "witness memories have likely faded in the [five] years since the accident happened and

as physical evidence may no longer be available." Morrison v. Blackford, No. AW-08-3090, 2008 WL 11367457, at *2 (D. Md. Dec. 11, 2008).  "Prejudice from the passage of time is sometimes inferable, and it is often the case that '[t]he delay itself gives rise to an inference of prejudice.'" Jefferson, 2015 WL, 6437364, at *2 (quoting Sharp, 2009 WL 4061761, at *2); see also Rusnakova, 2013 WL 1932940, at *4; Reed, 739 A.2d at 648.   Under these circumstances, including that plaintiff waited almost five years after the alleged injury to serve defendants, "[a] more specific showing of prejudice is not required." Sharp, 2009 WL 4061761, at *2.[7]  In sum, defendants have been substantially prejudiced by plaintiff's delay in effecting service. Accordingly, the court grants defendants' Joint Motion to Dismiss (ECF No. 34).

## III.    CONCLUSION

For the foregoing reasons, (1) plaintiff's Motion to Dismiss Defendant AutoNation, Inc. (ECF No. 37) is granted, (2) plaintiff's Motion to Remove (from Federal Court) and Remand (to State Court) (ECF No. 38) is denied, (3) defendant's Motion to File Surreply (ECF No. 45) is denied, (4) plaintiff's Motion to Strike (ECF No. 46) is denied as moot, and (5) defendants' Joint Motion to Dismiss (ECF No 34) is granted.

Date: June 8, 2023                                          /s/_____
                                                            Beth P. Gesner
                                                            Chief United States Magistrate Judge

---

[7] While not relied on by either party, the court notes that Hall v. Morales, No. PWG-14-944, 2014 WL 7204918 (D. Md. Dec. 16, 2014) bears some resemblance to the facts in this case, including that plaintiff filed her Complaint shortly before the tolling of the statute of limitations and failed to serve defendants before the expiration of the original process.  There are, however, some striking differences which lead the court to a different outcome in this case.  In Hall, the Circuit Court issued a Notice of Contemplated Dismissal only four months after plaintiff filed her Complaint. Id. at *1.  Simultaneously with plaintiff's Motion to Defer Entry of Dismissal and Other Relief, plaintiff sought the reissuance of the summonses. Id.  Plaintiff then immediately served defendants before the court granted plaintiff's Motion to Defer, and only 5 months after her Complaint was filed. Id. at *1-*2.  The court noted, "[o]nce contacted by the circuit court, [p]laintiff's counsel acted quickly to prevent dismissal of this case and acquire jurisdiction over [d]efendants." Id. at *4.  Here, the court issued a Notice of Contemplated Dismissal almost two years after the filing of the Complaint and plaintiff exhibited none of the diligence demonstrated by the plaintiff in Hall.